```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF MISSISSIPPI
                     JACKSON DIVISION


JOSEPH DAVIS                                        PLAINTIFF


VS.                        CIVIL ACTION NO.3:07CV331TSL-JCS


MISSISSIPPI DEPARTMENT OF
TRANSPORTATION                                      DEFENDANT
```

MEMORANDUM OPINION AND ORDER

Plaintiff Joseph Davis, an employee of the Mississippi Department of Transportation, filed this action under Title VII of the Civil Rights Act, 42 U.S.C. § 2000 et seq., and under 42 U.S.C. §§ 1981 and 1983.  This cause is presently before the court on two separate motions to dismiss filed by defendant Mississippi Department of Transportation.  In its motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendant argues that (1) his § 1983 claim fails because of Eleventh Amendment immunity and because the State is not a "person" under § 1983; (2) his § 1981 claim is not a "stand alone" claim but rather is considered in conjunction with his § 1983 claim so that if the former is dismissed so must the latter be dismissed; (3) his Title VII claim must be dismissed because it was not timely filed and because plaintiff did not apply for any of the positions about which he complains and therefore has not identified an "adverse employment action" upon which his Title VII claim may be grounded; and (4) his claim for punitive damages must

be dismissed both because the claims that would support such an award must be dismissed and because punitive damages are not available against an agency of the State.

Plaintiff has filed a response to defendant's Rule 12(b)(6) motion in which he concedes that his § 1983 and § 1981 claims, and his claim for punitive damages, are due to be dismissed for the reasons assigned in defendant's motion. However, he opposes dismissal of his Title VII claim.

Title VII provides that claimants have ninety days to file a civil action after receipt of a notice of right to sue from the EEOC. Taylor v. Books A Million, Inc., 296 F.3d 376, 379 (5th Cir. 2002); 42 U.S.C. § 2000e-5(f)(1). "This requirement to file a lawsuit within the ninety-day limitation period is strictly construed." Taylor, 296 F.3d at 379. Defendant argues that because the notice of right to sue was sent on March 8, 2007 and plaintiff did not file suit until more than ninety days later, on June 11, 2007, and because he has not specifically stated the exact date on which he received the notice of right to sue, then "plaintiff may very well have filed his lawsuit outside the 90 day time limit" and "[i]f he did, the Title VII claim should be dismissed."

In his response, plaintiff states that he is unsure when he received the notice of right to sue as his residence where he had the return receipt was destroyed by fire. However, as he

correctly notes, the Fifth Circuit has held that a presumption of receipt is appropriate when the actual date on which a right-to-sue letter was actually received is either unknown or disputed.  And while the Fifth Circuit has not definitively decided the exact number of days for this presumption, it has generally "expressed satisfaction with a range between three and seven days," and has specifically held that five-day presumption is reasonable.  See Morgan v. Potter, 489 F.3d 195, 196 (5th Cir. 2007).  Applying such a presumption here, the court concludes that plaintiff's complaint was timely.

Defendant's further argument for dismissal of plaintiff's Title VII claim on the basis that plaintiff has failed to allege an adverse employment action is without merit.  Although plaintiff does not explicitly allege that he applied for a promotion, he does allege that defendant "denied [him] a promotion because he is an African-American" and "treated [him] less favorably than it did whites who did not meet the prerequisites for promotion." Clearly, plaintiff has sufficiently alleged a claim for race discrimination.  Defendant's argument that plaintiff cannot prove a cognizable claim may be raised by a motion for summary judgment, but is not the proper subject of a Rule 12(b)(6) motion to dismiss.

In addition to its motion to dismiss pursuant to Rule 12(b)(6), MDOT has also moved to dismiss pursuant to Rule 12(b)(4)

and 12(b)(5), contending that the Mississippi Transportation Commission, and not MDOT, is the proper defendant.  Plaintiff initially responded in opposition to that motion, but has now moved to amend to substitute the Mississippi Transportation Commission as defendant.[1]  Plaintiff's motion to amend will be granted, which renders MDOT's motion to dismiss moot.

Accordingly, it is ordered that defendants' motion to dismiss under Rule 12(b)(6) is granted in part and denied in part; defendant's motion to dismiss under Rule 12(b)(4) and 12(b)(5) is denied; and plaintiff's motion to amend is granted.

SO ORDERED this 20th day of November, 2007.


/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE